UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| DEANNA LYNN KIERNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 2:25-cv-00212-SCM-CJS |
| v. | ) | |
| | ) | |
| CITI BANK, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is before the Court on a Report and Recommendation by United States Magistrate Judge Candace J. Smith. [Dkt. 16, Report and Rec.]. Plaintiff Deanna Lynn Kiernan, proceeding pro se, filed a Complaint alleging that her employment was wrongfully terminated by Citibank, N.A.,[1] based on her age, religion, and race. [Dkt. 1, Compl., at 4]. Citi moved to compel arbitration and stay the proceedings in this Court. [Dkt. 11, Citi's Motion to Compel, at 1]. In support, Citi argues that it has a valid arbitration agreement with Kiernan that requires her claim to be submitted to arbitration. [Dkt. 11-1, Citi's MISO Motion to Compel, at 1]. Kiernan objected, arguing that: she did not actually sign any arbitration agreement; any electronic signature appearing on the relevant documents was not made by her;

[1] Kiernan names the Defendant as Citi Bank while the Defendant refers to itself as Citibank, N.A. Because the name of the Defendant is not disputed here, the Court will refer to the Defendant by its preferred styling.

and the alleged arbitration agreement is procedurally and substantively unconscionable. [Dkt. 14, Kiernan's Resp., at 1–2].

Judge Smith prepared a Report and Recommendation recommending Citi's Motion to Compel be granted and providing Kiernan with 14 days from the date of service to file objections. [Dkt. 16]. After considering the record, Judge Smith concluded that a valid and enforceable arbitration agreement exists between Kiernan and Citi. [*Id.* at 6–9]. Judge Smith determined that the record supported that Kiernan accepted the arbitration agreement found in Appendix A of Citi's 2022 Employee Handbook, [Dkt. 11-2, Decl. of Maureen Chandler & Exhs., at 134–140], by signing an Acknowledgement Form, [*Id.* at 144], and, even if she did not sign it, her conduct manifested assent to be bound. [Dkt. 16 at 6–9]. Judge Smith next determined that the arbitration agreement is not unconscionable, either procedurally or substantively. [*Id.* at 9–12]. Judge Smith also determined that Kiernan's discrimination claim falls within the arbitration agreement and that such a claim is arbitrable. [*Id.* at 13]. Finally, Judge Smith concluded that, assuming the matter should be compelled to arbitration, it should be stayed. [*Id.* at 13–14 (citing *Jules v. Andre Balazs Props.*, 146 S. Ct. 1209, 1220 (2026))]. Thus, Judge Smith recommends that Citi's Motion to Compel Arbitration and Stay Proceedings be granted and this matter stayed. [*Id.* at 14].

Kiernan has now filed a document stating several objections to Judge Smith's recommendation to grant the Motion. [Dkt. 17, Objections to R&R].

Generally, this Court must make a de novo determination of those portions of a recommended disposition to which objections are made. 28 U.S.C. § 636(b)(1)(c). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation. *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991)).

As an initial matter, the undersigned agrees with Judge Smith's conclusion that the Motion to Compel Arbitration and Stay Proceedings should be granted. "Before granting a motion to compel arbitration, the district court must assure itself that (1) the parties agreed to arbitrate; (2) the claims asserted fall within the scope of the arbitration agreement; and (3) Congress did not intend for those claims to be non-arbitrable." *Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 404 (6th Cir. 2025).

Judge Smith correctly concluded that the record supports the existence of an agreement to arbitrate between Kiernan and Citi. Citi produced evidence that Kiernan assented to the arbitration agreement that existed in the company's 2022 Employee Handbook, [Dkt. 11-2 at 134–40], by signing an Acknowledgement Form

indicating that she understood she would be bound by the arbitration provision therein. [*Id.* at 144; Dkt. 15, Citi Reply, at 3–6]. This is sufficient to bind Kiernan to the arbitration agreement. *See Rodriguez v. Cracker Barrel Old Country Store, Inc.*, No. 2:17-cv-20 (WOB-CJS), 2017 WL 6349173, at *4–5 (E.D. Ky. Dec. 12, 2017). That her signature is electronic makes no difference.[2] *Id.*

Judge Smith also correctly determined that the arbitration agreement is not procedurally or substantively unconscionable. It is not procedurally unconscionable because the circumstances of this agreement do not indicate the type of unfair surprise or attempt to conceal or disguise oppressive terms typically associated with procedurally unconscionable contracts. *Schnuerle v. Insight Commc'ns Co., L.P.*, 376 S.W.3d 561, 576–77 (Ky. 2012). To the contrary, Kiernan had, for years, signed acknowledgements of similar arbitration provisions in prior employee handbooks. [Dkt. 11-2 at 64, 68–70]. And, importantly, the arbitration provision in the 2022 Employee Handbook is not hidden within the document and its provisions are sufficiently "clearly stated such that purchasers of ordinary experience and education are likely to be able to understand it, at least in its general import." *Schnuerle*, 376 S.W.3d at 576. It is not substantively unconscionable because the terms are not unreasonable or grossly one-sided. *Id.* at 577. Indeed, the terms of the arbitration agreement appear fairly typical and even include some terms favorable to Kiernan,

---

[2] Kiernan maintains that she herself did not electronically sign the 2022 Employee Handbook Acknowledgement Form, but she offers no evidence in support of her contention. [Dkt. 14 at 1]. Instead, Citi has adequately shown why the evidence it produced demonstrates Kiernan electronically signed the Acknowledgement. [Dkt. 15 at 3–5].

like obligating Citi to pay any filing fee, hearing fee, and arbitrator fee. [Dkt. 11-2 at 134–40].

Further, the terms of that arbitration agreement demonstrate that Kiernan's claim is subject to it and is an arbitrable claim. The arbitration agreement contains a broad scope, [Dkt. 11-2 at 134–35], that easily encompasses Kiernan's discrimination claim. [Dkt. 16 at 13]. And Kiernan's employment-discrimination claim is among those found arbitrable by other federal courts. *See Walker v. Ryan's Fam. Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005); *Jones v. U-Haul Co. of Mass. & Ohio Inc.*, 16 F. Supp. 3d 922, 943 (S.D. Ohio 2014).

Lastly, having concluded that arbitration should be compelled here, the Court agrees that this matter should be stayed pending arbitration. *Jules*, 146 S. Ct. at 1220. For these reasons, the Court agrees with Judge Smith's conclusion that the Motion to Compel Arbitration and Stay Proceedings should be granted.

Kiernan brings five items in response to Judge Smith's Report and Recommendation. Most of which come dangerously close to failing to constitute valid objections. *Howard*, 932 F.2d at 508–09. Regardless, each of these fails on the merits.

First, Kiernan states that, "Under the Federal Arbitration Act, the Supreme Court has said it is a valid unconscionability challenge if the individual proves the actual costs that will be incurred and presents evidence that these costs are unaffordable." [Dkt. 17 at 1]. She then implies that this statement applies to her because her "financial records were completed and given to the clerk when [she] filed the Complaint." [*Id.*]. Kiernan cites no law in support of her contention. As noted

above, the arbitration agreement in the 2022 Employee Handbook is not unconscionable, so this objection is overruled. Moreover, the arbitration agreement requires Citi to bear most—if not all—of the expenses of arbitration. [Dkt. 11-2 at 139]. So it is difficult to see how the agreement could impose financial hardship on Kiernan. At bottom, she has provided nothing more than conclusory statements to the effect that arbitration would be unaffordable. In the absence of any evidence or reasoned explanation supporting her argument, the Court must reject this objection.

Second, she argues that she did not agree to be bound by the 2022 Employee Handbook as she did not sign it. [Dkt. 17 at 1]. But this is simply a recitation of her initial arguments responding to the Motion to Compel Arbitration. [Dkt. 14 at 1; Dkt. 15 at 3–5]. The record before the Court demonstrates that Kiernan did indeed sign the Acknowledgement Form of the 2022 Employee Handbook, and this is sufficient to bind her to the arbitration agreement. [Dkt. 11-2 at 144]. Thus, this objection is also overruled.

Third, Kiernan states: "Arbitration agreements consummated by an individual's click on a mouse or other actions, on a website are open to various challenges. Take-It-Or-leave iI Pressure [*sic*]. Situations where you are given no meaningful chances to negotiate or where terms are buried in legal jargon." [Dkt. 17 at 1]. Construing this item liberally, Kiernan argues the arbitration agreement is an invalid contract of adhesion because she agreed to it online and she did not have the power to object to it. This item speaks to whether the agreement was unconscionable,

which it is not, so this objection is overruled. *Schnuerle*, 376 S.W.3d at 576 ("Adhesion contracts are not *per se* improper.").

For her fourth item, Kiernan cites *Silva v. Cross Country Healthcare, Inc.*, 334 Cal. Rptr. 3d 74 (Cal. Ct. App. 2025)[3] for the proposition that unfair terms can render an arbitration agreement unenforceable. [Dkt. 17 at 1]. That case is not binding on this Court and therefore can provide no more than persuasive authority. Putting aside its non-binding nature, Kiernan fails to explain how the circumstances surrounding the execution of the instant arbitration agreement or the agreement itself are unfair such that her explanation of *Silva*'s reasoning would have even persuasive power. And, again, there is no indication that the terms of this arbitration agreement are so unfair that it is unenforceable. This objection also fails.

Kiernan's fifth item is best categorized as a list of grievances targeted at the Defendant and, even taking it in the light most favorable to Kiernan, it cannot be viewed as an objection to the Report and Recommendation. [Dkt. 17 at 2]. It therefore also fails.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1) Magistrate Judge Smith's Report and Recommendations, [Dkt. 16], as to the Defendant's Motion to Compel Arbitration and Stay Proceedings, [Dkt. 11], are **ADOPTED** as and for the Opinion of the Court.

[3] Kiernan does not provide a citation to this case but the Court infers that this is the case she refers to.

2) Kiernan's Objections to the Report and Recommendation, [Dkt. 17], are **OVERRULED**.

3) The Defendant's Motion to Compel Arbitration and Stay Proceedings, [Dkt. 11], is **GRANTED**.

4) All further proceedings in this matter are **STAYED** until the arbitration has been completed.

5) The parties shall file a report notifying the Court of the status of the arbitration proceeding within six months of the date of this Order and every six months thereafter until the arbitration proceeding has concluded, and the parties shall also file a status report with the Court within 30 days of the conclusion of the arbitration proceeding.

Signed this 21st day of August, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky